## THE B & B NO. 10.

## NEW YORK SCOW CORPORATION v. OLSEN et al.

### No. A–15766.

District Court, E. D. New York.

April 30, 1940.

Foley & Martin, of New York City (Christopher E. Heckman, of New York City, of counsel), for libelant.

Barry, Wainwright, Thacher & Symmers, of New York City (Earle Farwell, of New York City, of counsel), for respondents.

BYERS, District Judge.

Hearing on exceptions to libel. The first, based upon laches, is overruled. The second requires consideration: The cause pleaded is in personam for damages said to have been sustained by the libelant's barge B & B No. 10 on August 20, 1936, when she was in tow of the tug Winthrop eastbound in the Barge Canal at about bridge E 110 near Newark. The westbound tug Dorothy, pushing tank barge No. 76, was encountered and the former "allowed the barge which she had in tow to come into collision with the barge B & B No. 10 causing damage". The latter was to port in the first tier of a six barge tow, made up in three tiers of two barges each.

Article Eighth refers to a previous cause in this court by this libelant as owner of the barges B & B No. 5 and B & B No. 7 against the Dorothy "which action was brought for the recovery of damages to the barges B & B No. 5 and B & B No. 7 sustained as a result of the collision referred to hereinabove". The article continues to recite the success of the libelant there, and decree in its favor which has become res judicata "as between the libelant and the respondents herein".

It appears that the respondents claimed the Dorothy in the prior case, which was heard on March 14, 1938.

The exception is addressed to the proposition that the libelant should not be permitted to split its cause of action, by bringing two suits for one tort. According to the allegation which has been quoted from Article Eighth, that contention is sound. The argument for the libelant is, that recovery in rem against the Dorothy is to be regarded as a separate cause, and is not to be confused with the present effort to hold the respondents in personam.

This seems to confuse the cause, with the remedies. If there was one collision, one tort was committed, and it may not be split in two for the sake of recovery. The fact that there were two remedies available to the libelant, does not operate to the contrary.

If there were two collisions, one involving the B & B No. 10 and one involving the other barges (of which No. 5 was to the port in the second tier and No. 7 to starboard in the third tier) there were two separate torts, and the earlier cause would not necessarily comprehend the present one.

As has been said, the present libel does not intimate that there were two, but the facts may not have been precisely or adequately alleged. This could be brought to light by interrogatories designed to clarify the issue.

It is no answer to the exception to say that in the earlier case, when collision with B & B No. 10 came to light, nothing could have been done to bring that damage into that cause, since it is clear that a motion to amend would have been proper, and likewise one to add the respondents to the cause if the Dorothy or her stipulation were not deemed adequate to secure libelant's damage.

Moreover, if libelant's contrary reasoning is correct, it could now libel the Dorothy if she is subject to process. It must be clear, however, that this could not be done, if there was but one tort; no more can the respondents be now held in personam, under that state of facts.

The exception will be overruled, without prejudice to a renewal thereof, or the adoption of any procedural course deemed appropriate by respondents to enable them to present the same contention at any later stage of the litigation, if they be so advised.

Settle order.